MADDOX, Justice
(dissenting).
While I agree that the Governor’s action did frustrate the employee’s right to continue in the state service after she attained age 70, I do not think his action amounted to a violation of the separation of powers clause of Alabama’s Constitution.
The Act [§ 36-27-16(a)(l)(c)], provides, inter alia:
“Any employee who attains age 70 shall be retired or shall withdraw from service forthwith; except, that any employee may be continued in the state service from year to year on his application, approved by the personnel board, if evidence of physical and mental fitness is furnished.... ”
The intent of the Legislature is plain:
(a) An employee shall be retired at age 70, except
(b) the employee may be continued if the Personnel Board approves.
The testimony of the State Personnel Director which is quoted in the majority opinion shows that:
(1) Applications by employees to continue past age 70 are filed with the Personnel Board, not the Governor.
(2) The Personnel Board refers the application to “the employing department or agency” to allow the employing department or agency to make a recommendation.
(3) The Personnel Board considers the entire package: the employee’s application, the physical examination report, the recommendation of the Medical Board in the Retirement System, and the appointing authority’s recommendation.
*120 (4) The custom “over the years” was that “various personnel boards have for the most part regarded the Department Head’s recommendation as controlling....”
(5) Prior to the Governor’s memorandum it was “pretty much a consistent policy” to approve an application for continuation beyond the age of 70 if the particular Department Head approved it.
It is quite apparent that the Personnel Board, in carrying out its own legislatively delegated responsibilities under the Act, adopted a procedure which gave great weight to the recommendation of the department head, and in view of that procedure, the Governor’s memorandum did affect Personnel Board action, but did it affect it impermissibly? I think not. The Personnel Board was at liberty to continue an employee without getting the department head’s recommendation. There is absolutely no requirement in the law that the Personnel Board’s approval authority is in any way dependent upon the approval of the Governor or a department head. Under its statutory grant of approval authority, the Personnel Board, if it disagreed with the Governor’s position on continuing employees past age 70, could have changed its procedures, especially those which required departmental approval, or it could have exercised its power to continue an employee even in view of a negative recommendation from a department head. In short, the Personnel Board did opt to follow the wishes of the Governor, but it was not under any legal requirement to do so.
Admittedly, the Governor’s memorandum, especially in view of Personnel Board rules of procedure and past custom and practice, did have a chilling effect upon an employee’s right to continue in state service, but the Governor’s action was not an exercise of legislative power — the Personnel Board still had the power — it just made a policy choice to exercise the power consistent with the wishes of the Governor.
I would affirm.
TORBERT, C. J., and FAULKNER, J., concur.